UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hollywood Fashion Tape, Inc., a Minnesota corporation,<br><br>    Plaintiff,<br>v.<br><br>SNS Products, LLC,<br><br>    Defendant. | Civil File No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Hollywood Fashion Tape, Inc. for its Complaint against Defendant SNS Products, LLC, states and alleges as follows:

### THE PARTIES

1. Plaintiff Hollywood Fashion Tape, Inc. ("Hollywood") is a Minnesota corporation with its principle place of business located at 2112 Broadway Street, NE, Suite 125, Minneapolis, MN 55413. Hollywood sells personal care products and clothing accessories on its website, hollywoodfashionsecrets.com, and through various retailers in the United States.

2. Defendant SNS Products, LLC ("SNS") is a California limited liability company with its principal offices located at 27425 Via Industria, Temecula, CA 92590. SNS operates a website, sexynseconds.com, through which it sells fashion accessories and beauty care items.

3. Hollywood brings this lawsuit because of SNS's wrongful attempts to mislead the consuming public through its blatant cybersquatting of Hollywood's distinctive trademark through use of the domain name "hollywoodfashionsecret.com" to redirect traffic from Hollywood's website to SNS's website."

## JURISDICTION AND VENUE

4. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), as well as violation of the Minnesota Deceptive Trade Practices Act and common law unfair competition.

5. The Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 1338. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Hollywood's Minnesota state law claims because those claims are related to the claims within the Court's original jurisdiction and form part of the same case or controversy.

6. The Court has personal jurisdiction over SNS based on its conduct and business activities in the State of Minnesota.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8. Since September 2001, Hollywood has continuously sold personal care products, clothing accessories and other style solutions. Hollywood's products are available at retailers across the United States and are sold on Hollywood's website, hollywoodfashionsecrets.com.

9. Hollywood registered the domain name "hollywoodfashionsecrets.com" in September 2010, and has operated its website at that internet domain address since at least May 2011.

10. Since at least May 2011, Hollywood has used the trademark HOLLYWOOD FASHION SECRETS in connection with the promotion and sale of its goods and services.

11. Hollywood owns U.S. Trademark Application No. 85/478,147 for the trademark HOLLYWOOD FASHION SECRETS for use with "personal care products and clothing accessories."

12. Hollywood has expended substantial effort and expense advertising and promoting its goods and services in connection with the HOLLYWOOD FASHION SECRETS trademark.

13. As a result of Hollywood's efforts, the purchasing public in Minnesota and throughout the United States has come to know, rely upon, and recognize the goods and services sold by Hollywood in connection with the HOLLYWOOD FASHION SECRETS trademark.

14. As a result of Hollywood's use, advertising and promotional efforts, and significant expenditures, Hollywood has acquired valuable common law rights in the HOLLYWOOD FASHION SECRETS trademark, which is inherently distinctive and/or has become distinctive through extensive use in United States commerce.

## **DEFENDANT'S INFRINGING CONDUCT**

15. In or around January 2011, SNS started operating a business which sold items similar, if not identical, to the products sold by Hollywood.

16. SNS operates an interactive website at sexynseconds.com through which SNS sells its products and services.

17. Recently, SNS began misusing Hollywood's HOLLYWOOD FASHION SECRETS trademark by registering and using the domain name "hollywoodfashionsecret.com." If someone enters this internet address, instead of seeing any type of content on the web page, the person is simply re-directed to SNS's website, sexynseconds.com, upon which SNS sells similar products to those sold by Hollywood.

18. SNS has no valid trademark or other intellectual property rights in the domain name "hollywoodfashionsecret.com."

19. SNS has made no prior use of the domain name "hollywoodfashionsecret.com" in connection with the bona fide offering of any goods or services.

20. SNS began using the domain name "hollywoodfashionsecret.com" with full knowledge of Hollywood's prior use and rights in the HOLLYWOOD FASHION SECRETS trademark.

21. SNS has acted with an intent to divert consumers and others seeking Hollywood's website to SNS's own website for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, and/or endorsement of SNS's website and the products and services sold therein.

22. SNS adopted the domain name "hollywoodfashionsecret.com" in an effort to trade upon the good will existing in connection with Hollywood's HOLLYWOOD FASHION SECRETS trademark, and/or to otherwise lead consumers to believe that there is some connection or affiliation between SNS's products and services and those of Hollywood.

23. SNS's unauthorized use of the domain name "hollywoodfashionsecret.com" in the manner described above deprives Hollywood of the ability to control the nature and quality of goods and services provided in connection with its mark and places the valuable reputation and good will of Hollywood in the hands of SNS, over whom Hollywood has no control.

24. SNS's interactive website, sexynseconds.com, is accessible nationwide, including to residents of the State of Minnesota, through use of the domain name "hollywoodfashionsecret.com."

25. SNS currently promotes, sells, and offers to sell its goods and services in connection with the domain name "hollywoodfashionsecret.com" in commerce in the United States, including Minnesota.

## COUNT I
### TRADEMARK INFRINGEMENT UNDER § 43(a) OF THE LANHAM ACT 15 U.S.C. § 1125(a)

26. Hollywood restates and realleges each of the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. Since at least May 2011, Hollywood has continuously used the HOLLYWOOD FASHION SECRETS trademark in connection with its products and services.

28. SNS's use of the internet domain address "hollywoodfashionsecret.com" is without permission or authority from Hollywood and is likely to cause confusion, to cause mistake and/or to deceive.

29. SNS's conduct constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, to the substantial and irreparable injury of the public and of Hollywood's business reputation and good will.

30. SNS's infringing activities have caused, and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Hollywood's business, reputation and good will in its HOLLYWOOD FASHION SECRETS trademark.

31. Hollywood has been damaged by SNS's infringement in an amount to be proven at trial.

## COUNT II
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(d)

32. Hollywood restates and realleges each of the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

33. SNS has registered, maintains, and uses the domain name "hollywoodfashionsecret.com," which incorporates and is confusingly similar to Hollywood's HOLLYWOOD FASHION SECRETS trademark.

6

34. SNS registered and/or acquired ownership of the domain name "hollywoodfashionsecret.com" with actual knowledge of Hollywood's HOLLYWOOD FASHION SECRETS trademark.

35. SNS's unlawful acts described above were and continue to be committed with bad faith intent to profit from the HOLLYWOOD FASHION SECRETS trademark. SNS's bad faith intent is shown by the following, among other things:

(a) SNS's knowledge of Hollywood's continuous use of the HOLLYWOOD FASHION SECRETS trademark since at least May 2011;

(b) SNS's knowledge of Hollywood's website, hollywoodfashionsecrets.com;

(c) SNS's registration and use of the domain name "hollywoodfashionsecret.com;"

(d) SNS's diverting of customers seeking Hollywood's business to SNS's website, which sells products in direct competition with Hollywood; and

(e) SNS's attempts to cause confusion with the public as to the source of goods sold.

36. SNS's acts constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

37. As a result of SNS's wrongful conduct, Hollywood is entitled to an injunction, transfer of the domain name "hollywoodfashionsecret.com," damages and profits in amounts to be proven at trial, as well as costs. Due to the intentional and willful nature of SNS's acts, Hollywood seeks up to three times the amount of actual damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

38. Alternatively, pursuant to 15 U.S.C. § 1117(d), Hollywood reserves the right to elect to receive statutory damages of not more than $100,000.

## COUNT III
## VIOLATION OF THE MINNESOTA DECEPTIVE
## TRADE PRACTICES ACT MINN. STAT. § 325D.44

39. Hollywood restates and realleges each of the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. SNS's acts as stated herein constitute deceptive trade practices, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

41. SNS has willfully engaged in the above-described trade practices knowing them to be deceptive.

42. SNS's wrongful and deceptive activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Hollywood's business, reputation and good will.

43. As a result of SNS's wrongful conduct, Hollywood is entitled to an injunction and an award of attorney's fees under Minn. Stat. § 325D.45.

## COUNT IV
## UNFAIR COMPETITION UNDER MINNESOTA COMMON LAW

44. Hollywood restates and realleges each of the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. SNS's acts as stated herein constitute unfair competition and an infringement of Hollywood's rights in the HOLLYWOOD FASHION SECRETS trademark.

46. SNS's wrongful and infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Hollywood's business, reputation, and good will.

47. Hollywood has been damaged as a result of SNS's unfair competition in an amount to be proven at trial.

## JURY DEMAND

48. Hollywood demands a jury trial.

**WHEREFORE**, Hollywood asks the Court to:

1. Preliminarily and permanently enjoin SNS and its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with SNS from engaging in the following activities:

(a) Using the HOLLYWOOD FASHION SECRETS trademark or any other trademark that is confusingly similar to Hollywood's HOLLYWOOD FASHION SECRETS trademark;

(b) Advertising, displaying, selling, exporting, or otherwise distributing (whether in paper or electronic form), any and all advertising, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets and the like, as well as any goods or services, containing the HOLLYWOOD FASHION SECRETS trademark, or any other trademark that is confusingly similar to Hollywood's HOLLYWOOD FASHION SECRETS trademark;

(c) Registering, attempting to register, transferring or maintaining any trademark, trade name, domain name, website, trade designation, or other indicia of

origin or source containing the HOLLYWOOD FASHION SECRETS trademark, or any other trademark that is confusingly similar to Hollywood's HOLLYWOOD FASHION SECRETS trademark.

(d) Using or trafficking in the domain name "hollywoodfashionsecret.com" or any other domain name that is confusingly similar to the HOLLYWOOD FASHION SECRETS trademark.

(e) Committing any acts or making any statements calculated, or the reasonable foreseeable consequence of which would be, to infringe any of Hollywood's rights in the HOLLYWOOD FASHION SECRETS trademark, or to confuse, mislead, or deceive customers as to sponsorship, approval, or affiliation of SNS with Hollywood; and

(f) Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Enter judgment for Hollywood on its claims and require SNS to account to Hollywood for SNS's profits and the actual damages suffered by Hollywood as a result of SNS's acts of infringement and cyber piracy, together with interest, and that Hollywood's recovery be trebled under Section 35 of the Lanham Act (15 U.S.C. § 1117).

3. Should Hollywood so elect, statutory damages for SNS's cyber piracy pursuant to 15 U.S.C. § 1117(d).

4. Require SNS to immediately transfer to Hollywood, without consideration, the domain name "hollywoodfashionsecret.com" and any other domain name registered or maintained by SNS, its officers, agents, servants, employees, attorneys, or any persons

in active concert or participation with SNS, that is identical or confusingly similar to the HOLLYWOOD FASHION SECRETS trademark.

5. Require SNS to immediately notify in writing the registrar(s) of the domain name "hollywoodfashionsecret.com" of Hollywood's rights in the domain name and request that the domain name "hollywoodfashionsecret.com" and any other domain name registered or maintained by SNS, its officers, agents, servants, employees, attorneys, or any persons in active concert or participation with SNS, that is identical or confusingly similar to the HOLLYWOOD FASHION SECRETS trademark, be immediately transferred without consideration to Hollywood.

6. Require SNS, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with SNS, to maintain the status of the domain name "hollywoodfashionsecret.com," including but not limited to the prompt and timely payment of any outstanding fees to the registrar(s) of the domain name "hollywoodfashionsecret.com" so that the registration does not expire prior to its transfer to Hollywood.

7. Enter judgment requiring SNS to pay Hollywood's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 325D.45 of Minnesota Statutes.

8. Grant such other and further relief as may be just and equitable.

Dated: December 9, 2011                         /s/ Laura L. Myers
                                                        Laura L. Myers (#387116)
                                                        lmyers@fredlaw.com
                                                        **FREDRIKSON & BYRON, P.A.**
                                                        200 South Sixth Street, Suite 4000
                                                        Minneapolis, MN  55402-1425
                                                        Phone: (612) 492-7000
                                                        Fax: (612) 492-7077

                                                        **ATTORNEYS FOR PLAINTIFF**
                                                        **HOLLYWOOD FASHION TAPE, INC.**

5031597_1.DOC